IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK WILKERSON (TDCJ No. 1885146), Plaintiff, | § | |
| V. | § | No. 3:17-cv-367-G-BN |
| OFFICERS OF BRIDGEPORT CORRECTIONAL CENTER, Defendant(s). | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant Plaintiff Senrick Wilkerson leave to proceed but summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Wilkerson pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

Wilkerson, a Texas prisoner, has been a frequent litigant in this Court. As recounted in *Wilkerson v. Grona-Robb*, No. 3:15-cv-2162-G, 2016 WL 873630 (N.D. Tex. Feb. 2, 2016), *rec. accepted*, 2016 WL 865660 (N.D. Tex. Mar. 7, 2016), a case Wilkerson filed in state court that was removed to this Court,

> Plaintiff has previously filed numerous civil actions over his prosecution in Cause Nos. F0860213, F10-01183, and F10-01184. *See Wilkerson v. Grona-Robb, et al.*, No. 3:13-CV-2634-O (N.D. Tex. September 4, 2013) (claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's convictions had not been set aside); *Wilkerson v. Watkins*, No. 3:13-CV-1326-M (N.D. Tex. December 16, 2013) (claims against district attorney barred by res judicata and *Heck*); *Wilkerson v. Dallas Police Dep't, et al.*, No. 3:12-CV-1832-K (N.D. Tex. July 12, 2012) (complaint dismissed as malicious for seeking to relitigate frivolous claims); *Wilkerson v. Texas, et al.*, No. 3:12-CV-1830-L (N.D. Tex. July 31, 2012) (claims barred by Heck ); *Wilkerson v. Grona-Robb, et al.*, No. 3:11-CV-1242-N (N.D. Tex. November 10, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck*); *Wilkerson v. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex. May 18, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck*).

2016 WL 873630, at *1.

As this history of dismissals indicates, and, as this Court has determined, Wilkerson is subject to 28 U.S.C. § 1915(g)'s "three strikes" bar. *See, e.g., Wilkerson v. Grona-Robb*, No. 3:13-cv-2634-O-BK, 2013 WL 4766858, at *1 (N.D. Tex. Sept. 4, 2013) (citing *Wilkerson v. Watkins*, No. 3:13-cv-1326-M-BF (N.D. Tex. Apr. 25, 2013)).

In addition, Wilkerson is now

> prohibited from proceeding with any civil action in this court whether he files it in this court, he files it in another court and it is removed to this court, or he files in another federal court and it is transferred to this court, unless he obtains leave to proceed from a district judge or magistrate judge of this court.
>
> If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Wilkerson seeks, in writing, leave to proceed from a district judge or magistrate judge of this court.

2016 WL 865660, at *1.

Now before the Court is Wilkerson's motion for leave to file a civil rights action

"against the Officers of Bridgeport Correctional Center for perjury, falsifying records, retaliation, and harassment." Dkt. No. 2. Wilkerson indicates that the lawsuit he wishes to file now "will not concern my illegal convictions from Dallas County, Texas." Id.

Because his repetitive attacking of his state convictions through a barrage of 42 U.S.C. § 1983 complaints is what led the Court to impose the filing prohibition set out above, the Court should grant Wilkerson leave to file the action he sets out in his motion. But he should not be allowed to proceed IFP as to such an action.

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to Section 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam)

("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Wilkerson's proposed current filing will undoubtedly fall under the three-strikes

provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the allegations Wilkerson now presents lack any facts to show that he is under such a threat as to overcome Section 1915(g). Wilkerson should therefore be barred from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

The undersigned observes that the period for filing objections to the findings, conclusions, and recommendation affords Wilkerson an opportunity to present imminent-danger-of-serious-physical-injury allegations to overcome the "three strikes" bar.

**Recommendation**

The Court should grant Plaintiff Senrick Wilkerson leave to proceed but summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Wilkerson pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE